■ SONYA GALE, Appellant, v MORGAN & BROTHER MANHATTAN STORAGE COMPANY, INC., Respondent.—Order, Supreme Court, New York County, entered June 12, 1978, denying plaintiff's application for an order directing the Sheriff to seize chattels allegedly belonging to her which are in defendant's possession, unanimously reversed, on the law, with $40 costs and disbursements to appellant, and the motion granted. Plaintiff is seeking to recover possession of her furniture, clothing and other personalty that was removed from her apartment pursuant to a warrant of eviction obtained by her landlord and stored by the landlord in defendant's warehouse. Defendant asserts a warehouseman's lien; it makes no claim of title to the property having brought an interpleader action to determine title to the goods and responsibility for its storage charges as between this plaintiff and her landlord. The latter has conceded that it has no claim of title to the property. Thus, the only party claiming title is the plaintiff in this action and she has complied sufficiently with CPLR article 71 to entitle her to possession. She has supplied the required affidavit (CPLR 7102, subd [c]), a sufficient undertaking (CPLR 7102, subd [e]), and, while the statute would permit an ex parte order (CPLR 7102, subd [a]), she exceeded this requirement by petitioning on notice. Special Term's finding that the plaintiff's undertaking should have to protect the defendant were the landlord found responsible for the storage charges is inconsistent with the statute that requires the undertaking only to ensure "payment of any sum awarded by the judgment against the person giving the undertaking" (CPLR 7102, subd [e]). Defendant's claim that it would lose its lien if it surrenders the goods without payment overlooks the security of the undertaking and its right to except to it before the goods are delivered (CPLR 7102, subd [e]). We find no legal authority upholding defendant's contention that plaintiff's eviction operated as a legal surrender of her right to possession of her personal property. Even an assumption of the evicting landlord's right to enter into a contract for storage of plaintiff's chattels would not defeat the remedy given plaintiff on her complete compliance with the replevin statutes. Settle order. Concur—Lupiano, J. P., Silverman, Markewich, Lynch and Sullivan, JJ.