OPINION OF THE COURT
John A. Mastrella, J.
This is a motion for an order confirming an order of seizure granted to the plaintiff, Morning Glory Media, Inc., under the recently revised CPLR article 71. In this case, which appears to be one of first impression, the defendants question the constitutionality of the procedure of granting an order of seizure without notice, and also question to what extent a defense may be interposed to defeat an application for replevin of chattels.
On November 9, 1978, the plaintiff corporation acquired a typesetting machine. The defendant, Gene Fausette, personally guaranteed a loan for the machine; and the defendants, Thomas Enright and Gladys Fausette, posted collateral as security for the said purchase. On that same date the plaintiff corporation, Thomas Enright, and Gladys Fausette entered into an agreement whereby each would possess a one-third interest in the typesetting machine and the plaintiff would have the sole and exclusive right to operate and administer the machine and to provide, supervise, and/or administer the operator of the machine. As consideration, plaintiff agreed to pay Thomas Enright and Gladys Fausette the sum of $25 a month each as long as their security for the loan was posted with Manufacturers Hanover Trust Company. The agreement further provided that Enright and Fausette give plaintiff the exclusive right to exchange the security given by them to the bank and that they would do nothing to prevent plaintiff from eventually owning complete interest in the typesetting machine.
On February 11, 1979, the board of directors of the plaintiff *874 corporation, including all three defendants, by resolution modified the original agreement to provide that the typesetting machine would still be owned with equal interests by the corporation, Thomas Enright, and Gladys Fausette, and that each party would be liáble for one third of the maintenance costs and expenses of the machine. The resolution also provided that Kenneth Browne, the president of the corporation, and the corporation would have the right to use the typesetting machine at an hourly rate, and that the administration of the machine would be in the joint control of the corporation, Thomas Enright, and Gladys Fausette.
Plaintiff, by its president, Kenneth Browne, thereafter commenced this replevin action, and on April 27, 1979 obtained an order of seizure without notice pursuant to CPLR 7102, which was served on the defendants by the Sheriff on April 30, 1979. Prior to its seizure, the machine was located at the place of business of the defendant, Gene Fausette. The machine was moved by the Sheriff to a third party’s place of business, Migdol Printers, Inc., Rochester, New York. However, this court has been informed that Kenneth Browne has recently moved the machine to his apartment, where it is under the Sheriff’s seal.
Plaintiff is now bringing this motion to confirm the order of seizure pursuant to CPLR 7102 (subd [d], par 4). In response to plaintiff’s application, defendants first claim that the granting of the order of seizure without notice is in violation of constitutional procedural due process requirements.
It is clear, however, that a strong presumption of constitutionality attaches to an act of the Legislature and this presumption can only be overcome by clear and convincing proof, persuasive beyond a reasonable doubt (Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y., 46 NY2d 358, 371; see, also, 8 NY Jur, Constitutional Law, §§ 59, 64, 79, 80, and discussion and cases therein). Furthermore, even if the validity of the legislative enactment is debatable, the legislative judgment must control (Levitt v Incorporated Vil. of Sands Point, 6 NY2d 269, 273; Rodgers v Village of Tarrytown, 302 NY 115, 120).
The last major revision of article 71 was in 1971 when the Legislature acted in response to the decision in Laprease v Raymours Furniture Co. (315 F Supp 716) in which the court held unconstitutional the provisions of CPLR 7102 permitting the seizure of chattels by a public officer without a court *875 order. The statute, as then amended, was. vague. The application to the court and the order of seizure and/or forcible entry was required to contain only sufficient facts and terms to conform to the "due process of law requirements of the Fourteenth Amendment to the Constitution of the United States.” However, effective January 1, 1979, much of CPLR article 71 was amended by the Legislature (L 1978, ch 81), as recommended by the Judicial Conference of the Office of Court Administration; and the requirements for the procedures governing the issuance of an order of seizure were made more specific (Twenty-third Ann Report of NY Judicial Conference, 1978, pp 255-271).
CPLR 7102 (subds [c], [d], par 1), taken together, provide what plaintiff must set forth in his papers and what plaintiff must prove in order to obtain the order of seizure:
"(c) Affidavit. The application for an order of seizure shall be supported by an. affidavit which shall clearly identify the chattel to be seized and shall state:
"1. that the plaintiff is entitled to possession by virtue of facts set forth;
"2. that the chattel is wrongfully held by the defendant named;
"3. whether an action to recover the chattel has been commenced, the defendants served, whether they are in default, and, if they have appeared, where papers may be served upon them;
"4. the value of each chattel or class of chattels claimed, or the aggregate value of all chattels claimed;
"5. if the plaintiff seeks the inclusion in the order of seizure of a provision authorizing the sheriff to break open, enter and search for the chattel, the place where the chattel is located and facts sufficient to establish probable cause to believe that the chattel is located at that place;
"6. that no defense to the claim is known to the plaintiff; and
"7. if the plaintiff seeks an order of seizure without notice, facts sufficient to establish that unless such order is granted without notice, it is probable the chattel will become unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the state, or will become substantially impaired in value.
"(d) Order of seizure. 1. Upon presentation of the affidavit *876 and undertaking and upon ñnding that it is probable the plaintiff will succeed on the merits and the facts are as stated in the affidavit, the court may grant an order directing the sheriff of any county where the chattel is found to seize the chattel described in the affidavit and including, if the court so directs, a provision that, if the chattel is not delivered to the sheriff, he may break open, enter and search for the chattel in the place speciñed in the affidavit. The plaintiff shall have the burden of establishing the grounds for the order." (Italicized material is new.)
CPLR 7102 (subd [d], par 2) was amended to provide that "[u]pon a motion for an order of seizure, the court, without notice to the defendant, may grant a temporary restraining order that the chattel shall not be removed from the state if it is a vehicle, aircraft or vessel or, otherwise, from its location, transferred, sold, pledged, assigned or otherwise disposed of or permitted to become subject to a security interest or lien until further order of the court.” CPLR 7102 (subd [d], par 3), which is new, provides that an order of seizure "may be granted without notice only if, in addition to the other prerequisites for the granting of the order, the court finds that unless such order is granted without notice, it is probable the chattel will become unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the state, or will be substantially impaired in value.” Paragraph 4 of the same subdivision, which also is new, provides that if an order of seizure is granted without notice, the plaintiff must move within five days after seizure or such order shall have no further effect and shall be vacated on motion, and any chattel under such order must be returned to the defendant forthwith. Furthermore, "[u]pon the motion to confirm, the plaintiff shall have the burden of establishing the grounds for confirmation.” (CPLR 7102, subd [d], par 4.) Plaintiff must also provide an undertaking executed by sufficient surety acceptable to the court in an amount not less than twice the value of the chattel so set forth by the plaintiff in his affidavit (CPLR 7102, subd [e]). Finally, CPLR 7108 (subd [a]) was amended to provide that "[i]f an order of seizure granted without notice is not confirmed * * * the plaintiff, unless the court orders otherwise upon good cause shown, shall be liable to the defendant for all costs and damages, including reasonable attorney’s fees, which may be sustained by reason of the granting of the order of seizure without notice, and the *877 plaintiffs liability shall not be limited to the amount of the undertaking.”
Between 1969 and 1975 the Supreme Court of the United States, in a tetralogy of decisions, has set forth guidelines for courts to gauge whether provisional remedies, of which replevin is one, comply with procedural due process requirements (see Donnelly, Study of Attachment, Replevin, Receivership, Arrest, Twenty-first Ann Report of NY Judicial Conference, 1976, pp 453-457, 463-471). In Sniadach v Family Fin. Corp. (395 US 337) the Supreme Court held a Wisconsin statute unconstitutional which permitted a creditor to garnishee a defendant’s wages before a trial and without notice or a hearing. In Fuentes v Shevin (407 US 67) the Supreme Court held Florida and Pennsylvania statutes unconstitutional which permitted summary seizures of chattels without notice or a prior hearing to challenge the seizure. The court stated that the purpose of the hearing is to prevent "seizures of goods where the party seeking the writ has little probability of succeeding on the merits of the dispute.” (407 US 67, 97, n 33, supra.) In Mitchell v Grant Co. (416 US 600), the Supreme Court held constitutional the Louisiana procedures for an order of sequestration which is granted without notice or an opportunity to be heard, but only issues with a Judge’s consent and on a verified affidavit. The court also stressed that immediately thereafter the debtor may seek dissolution of the sequestration order by filing a bond or by challenging the grounds for the order. The creditor must then prove the debt, amount owing and default; and upon failure of such proof, the court may order the property returned and award damages, including attorney’s fees. Finally, in North Georgia Finishing v Di-Chem (419 US 601, 607), the Supreme Court held unconstitutional a Georgia garnishment statute because "[tjhere is no provision for an early hearing at which the creditor would be required to demonstrate at least probable cause for the garnishment.” The court also appeared to limit the Sniadach preseizure hearing requirement to wages (419 US 601, 605, supra). Furthermore, the Court of Appeals has recently held that under the United States Constitution (14th Arndt, § 1) and the New York Constitution (art I, § 6) "[fundamental notions of procedural due process require that before the State may deprive a person of a significant property interest in aid of a creditor, that person be given notice and an opportunity to be heard prior to deprivation of that interest” (Sharrock v *878 Dell Buick-Cadillac, 45 NY2d 152, 163; see, also, Wynehamer v People, 13 NY 378, 392, 393; Taylor v Porter, 4 Hill 140, 146; Memphis Light, Gas & Water Div. v Craft, 436 US 1), especially where State process or intervention "is executed without even a modicum of judicial intervention of supervision” (45 NY2d 152, 164, supra).
In applying these standards to CPLR article 71, as amended, it is clear that procedural due process requirements are met whether an order of seizure is granted after a hearing on notice or without notice with an immediate confirmation hearing on notice. The granting of an order of seizure is now discretionary with the court after the plaintiff has met his burden of establishing all the specific requirements for an order of seizure. An order confirming seizure without notice may be granted only upon a showing of exigent circumstances, and if later proven unwarranted, the plaintiff may be held liable for damages, including attorney’s fees. Furthermore, the defendant still has the option of reclaiming a chattel according to the procedures set forth in CPLR 7103. Additionally, commentators agree that the revised statute meets constitutional process requirements and was enacted to improve the previous vague statute and to assure its constitutionality in light of the guidelines set forth in the four Supreme Court decisions (Twenty-third Ann Report of NY Judicial Conference, 1978, pp 259-262, Donnelly and Donnelly, 1978 Survey of New York Law — Commercial Law, 30 Syracuse L Rev 257, 298-302).
Defendants next claim that plaintiff has not met its statutory burden of proof and that defendants have set forth sufficient defenses to defeat plaintiff’s application for an order of confirmation of seizure. Defendants state that Browne has had free access to and has used the typesetting machine prior and subsequent to the seizure. They state that the machine was well cared for and in the same condition as when acquired. They claim that they have no intention of moving or disposing of or otherwise altering or damaging the machine.
Defendants further claim that the contract was modified because the agreement had been breached in that no $25 monthly payments had been made to Thomas Enright and Gladys Fausette as provided in the original agreement, nor had regular monthly payments been made to the bank which financed the loan. Defendants state that they are prepared to convey title to the machine upon the bank’s release of the *879 collateral security for the loan, which will enable them to buy a similar machine for use in their business. Thus, they request this court to deny plaintiffs application, order the return of the machine to its original location, and also order that the status quo prior to seizure, when all parties had access to and use of the machine, be maintained pending the trial of this action.
Prior to the recent amendments to the replevin statute, a court was required to issue an order of seizure upon a plaintiffs submission of an affidavit and posting an undertaking as security for the chattel against possible damages (cf. Gale v Morgan & Brother Manhattan Stor. Co., 65 AD2d 529). While courts have never been remiss in scrutinizing the merits of a replevin application to determine whether a plaintiff has demonstrated a superior possessory interest in the chattel (see, e.g., CBS, Inc. v Auburn Plastics, 67 AD2d 811; General Elec. Credit Corp. v Marcella’s Appliances, Sales & Servs., 66 AD2d 927), conclusory assertions of the defense that plaintiff has breached the underlying contract would not defeat a replevin application and thus permit a defendant to avoid the requirements for reclaiming a chattel as set forth in CPLR 7103 (MGD Graphic Systems v New York Press Pub. Co., 52 AD2d 815, affd on mem at App Div 42 NY2d 1018). Only those defenses which clearly indicated that plaintiff lacked a superior possessory interest in the chattel would defeat a replevin application, such as, where a plaintiffs proper performance was made a condition of payment under the contract (Schaefer Corp. v Electronic Data Systems Corp., 430 F Supp 988, 991; Honeywell Information Systems v Demographic Systems, 396 F Supp 273, 275), where the contract was incomplete because both parties had not signed it as required, or where the defense of rescission was asserted in good faith based upon fraud in the inducement (Scutti Pontiac v Rund, 92 Misc 2d 881).
The replevin statute, as amended, has substantially changed the requirements for an order of seizure. A court is now vested with broader discretion to determine whether replevin relief is appropriate and also the proper status for the parties pending the final outcome of the action to prevent mistaken and unfair deprivation of property (see e.g., Vista Print Copy Center Corp. v Xerox Corp., NYLJ, April 17, 1979, p 6, col 1; Twenty-third Ann Report of NY Judicial Conference, 1978, p 266, Donnelly and Donnelly, 1978 Survey of New York Law— *880 Commercial Law, 30 Syracuse L Rev 257, 307). The burden is now on the plaintiff to prove that he has met all the more detailed requirements set forth in CPLR 7102, and a finding by the court, similar to an application for a preliminary injunction, that it is probable that plaintiff will succeed on the merits.
In applying this standard to the facts in the present case, it is apparent that plaintiff has not met its statutory burden. Furthermore, defendants have set forth defenses to this action, which if proven, may well defeat plaintiff’s claim to a superior possessory interest in the chattel. Balancing other factors in the present case — that plaintiff is a closely held corporation, that one defendant personally guaranteed the loan for the purchase of the machine, that two defendants posted collateral as security for the said loan, that two of the defendants are directors of the corporation and claim that they acted to prevent the chattel from being foreclosed and to keep the security for the chattel intact (cf. Business Corporation Law, § 717), and that they are willing to transfer title to the machine upon release of their security — also must be considered in determining a denial of plaintiff’s motion.
Accordingly, plaintiff’s motion for an order confirming an order of seizure granted without notice is denied and the Sheriff is directed to return the chattel to its location prior to seizure. However, pending the final outcome of this action, plaintiff is entitled to a restraining order that the chattel shall not be removed from its location, transferred, sold, pledged, assigned or otherwise disposed of, or permitted to become subject to a security interest or lien until further order of this court (CPLR 7103, subd [c], par 2), or unless the defendants transfer their title and interest in the machine to the plaintiff.