OPINION OF THE COURT
Herbert Kramer, J.
Does the within application for an order of seizure in an action to recover a chattel contain the required specificity and meet with current views of procedural due process?
A letter was sent to the owner of the building directed to apartment number PH, i.e., Public Hall. The letters were thus sent to what turned out to be the public hall of a large multiple apartment building. An application for an order of meter seizure was filed and if a hearing was desired the recipient was to come to Special Term, Part II, within 10 days to obtain a future hearing date. The recipient shall have an opportunity to refute the utility bill.
It further indicated that if you do not appear in court on both occasions the order of seizure will be presented to the court for signature. Not surprisingly, as the owner of the building did not live or maintain an office in the building, it was not immediately received.
An order of seizure was signed on April 12, 1983, on default.
*729 After the signature, Mr. Gottlieb came to Special Term, Part II, for the promised hearing.
Since the defendant is a pro se litigant this court deems the appearance and discussion a motion for dismissal of the petition grounded on a lack of required specificity, due process and failure of necessary allegations upon an ex parte application.
A provisional remedy of replevin made ex parte under CPLR 7102 (subd [d], par 3) now requires a showing that the chattel is in danger of removal without the State. Further, the cases in the area require that the affidavit in support of the application of seizure be specific and make a prima facie showing of the right of relief. (Morning Glory Media v Enright, 100 Misc 2d 872; Consolidated Edison Co. v Vezcanino, 77 Misc 2d 475; Montalvo v Consolidated Edison Co., 110 Misc 2d 24.)
An examination of the affidavit and the available information is quite revealing. The plaintiff alleges that it is entitled to possession of the meter by virtue of ownership. However, a customer who is not in default of his payments is entitled to the retention and possession of the meter.
Moreover, petitioner’s allegations, that the bill is based on an actual meter reading, is belied by the letter annexed to the petition, indicating that the last billing is based on an estimated meter reading. Additionally, the allegation that a five-day written notice has been served is not supported by an annexation to the petition or a date of service.
Further, the employees of the company indicated that they twice attempted to enter this apartment building but were unable to do so since no one was at home, in the public hallway. Significantly, this is not stated on personal knowledge nor an employee named. The specific reason of inability to gain admittance to this apartment building without further explanation is unpersuasive since it is unlikely that the meter was located other than in the basement and no indication that a barrier existed to its removal.
Bills in dispute often must be referred to the Public Service Commission (Brooklyn Union Gas Co. v MacGregor’s Custom Coach, 118 Misc 2d 418; Guglielmo v Long Is. *730 Light. Co., 83 AD2d 481). The bare statement of no defense to the claim must be amplified by allegations that no matter was ever pending in the Public Service Commission as well as the result and status thereof.
Further, the court, in order to do full justice must be apprised specifically by affidavit as to the result of any court hearing held.
Thus, this court holds that a review of the incredulous petition and affidavit indicate internal inconsistencies, form statements, and most importantly it demonstrates a lack of sworn facts on personal knowledge indicating a clear right to provisional relief.
We are dealing in these matters primarily with pro se litigants unfamiliar with court procedure as well as their legal rights. The indicated procedure requires a person to return twice to court. Significantly, the Judge who signs the application for the seizure is never told in affidavit form whether the customer appeared once or twice, what the result of that hearing was, whether a stipulation was entered, given a copy of that stipulation, if entered, or what defenses the customer interposed. This puts the matter at the option of the opposing attorney rather than the pro se litigant, an unusual posture. Likewise, this does not comply with the requirement of a clear right to provisional relief.
The totality of these proceedings not only unfairly fails to apprise the court of the circumstances preceding the intended seizure and potential defenses, but are a fundamental denial of the right of the litigant to be present at the time of signing of the order of seizure, violating CPLR article 71. The letter sent to the customer is not in conformity with due process requirements of specificity as to time and place of hearing, essentially making this an ex parte application.
The primary nature of notice is to allow the recipient an opportunity to appear and defend. A general letter setting forth those procedures without indicating time or date does not give the litigant the opportunity to appear and defend. This is emphasized by the sketchy nature of the affidavit, as previously indicated, which deprives the signatory Judge of any ability to analyze any papers indicating the *731 required statutory steps of voluntary recovery and potential defenses.
An elementary and fundamental requirement of procedural due process is notice reasonably calculated under all the circumstances to apprise interested parties of existence of an action and afford them an opportunity to defend. (Mullane v Central Hanover Trust Co., 339 US 306; see, also, Schroeder v City of New York, 371 US 208; see, also, CPLR 3013.) For the foregoing reason this court finds that procedural due process was violated in not giving the customer notice of the actual time and place of presentation of the order for signature prior thereto and in not giving the court fair specificity of facts and potential defense. Additionally, the court holds that this proceeding is ex parte and must be presented in compliance with the article 71 requirements for ex parte applications.
Motion to dismiss the provisional remedy of seizure granted.