■ IRVING CHRISTIAN, Appellant, v HASHMET MANAGEMENT CORP. et al., Respondents.—Amended order, Supreme Court, New York County (Joan B. Lobis, J.), entered April 16, 1992, which, at an inquest to determine damages following the entry of a default judgment against defendants, dismissed the complaint, is unanimously reversed, on the law, and the matter remanded for an inquest to determine damages, if any, without costs.

*Pro se* plaintiff, Irving Christian, commenced this action on or about December 3, 1990, seeking to recover damages for, *inter alia,* property allegedly lost and damaged during his eviction, in or about September 1989, from Apartment 3E of 254 East 110th Street in Manhattan. Defendants failed to appear and, by orders of the Supreme Court, New York County (William J. Davis, J.), entered August 14, 1991, and May 6, 1991, plaintiff was granted a judgment on default, and the matter referred to another Justice for an inquest on damages.

At the inquest, held on or about February 14, 1992, the court, referring to documents from the Housing Court file in the non-payment proceeding, held that "plaintiff's cause of action cannot be maintained", because "[t]he eviction was pursuant to lawful process", and dismissed the complaint. This was error.

It is well established that, by defaulting, a defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages *(McClelland v Climax Hosiery Mills,* 252 NY 347, 351; *Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730; *Boorman v Deutsch,* 152 AD2d 48, 54, *lv dismissed* 76 NY2d 889). A default judgment having been previously entered by a court of coordinate jurisdiction, and no motion to vacate the default having been made, defendants' liability was law of the case, and it was improper for the inquest court to have re-opened the issue of liability and made a determination with respect thereto *(see, Post v Post,* 141 AD2d 518, 519; *George W. Collins, Inc. v Olsker-McLain Indus.,* 22 AD2d 485, 488-489). Moreover, irrespective of its legality, the eviction did not operate as a legal surrender of plaintiff's personal property rights *(Gale v Morgan & Brother Manhattan Stor. Co.,* 65 AD2d 529). Concur— Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.