OPINION OF THE COURT
Allan L. Winick, J.
An inquest, as a result of a default, was ordered by another Justice of this court. Testimony was taken in open court which revealed that plaintiff invested money in an escort and dating service. A corporation, Perry Blais, Inc., was formed to *351 carry on the business. The service was known as LTmage. Plaintiff rented an apartment in Manhattan, paid the rent and charges for the telephones. Plaintiff also paid for the furnishings in the apartment. He advertised and hired "personnel” for the business. The business expanded to another apartment in another building. In September of 1987, he was excluded from the business by defendant and denied access to the apartment.
Plaintiff testified to expending $27,752.34 for the operation of this enterprise.
This so-called enterprise was, in actuality, a business fostering prostitution in violation of the Penal Law. The defendant "disappeared” and did not defend this action. The defendant was a victim of the alleged crime of an attempted murder in New York County, the defendant in the criminal case being one of the "escorts”.
It is well established that by defaulting, a defendant admits all traversable allegations contained in the complaint, and this concedes liability, although not damages. (McClelland v Climax Hosiery Mills, 252 NY 347, 351; Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; Boorman v Deutsch, 152 AD2d 48, 54, lv dismissed 76 NY2d 889; Christian v Hashmet Mgt. Corp., 189 AD2d 597, 598.) However, this court is being asked to give "aid of the court” to an illegal enterprise, which it will not do.
Penal Law § 230.15 (1) contains the following definition: "1. 'Advance prostitution.’ A person 'advances prostitution’ when, acting other than as a prostitute or as a patron thereof, he knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.”
Penal Law § 230.20 states that a person is guilty of promoting prostitution in the fourth degree when he knowingly advances or profits from prostitution. A violation of this section is a class A misdemeanor.
Penal Law § 230.25 (1) states that a person is guilty of promoting prostitution in the third degree when he knowingly: "Advances or profits from prostitution by managing, supervising, controlling or owning, either alone or in associa *352 tion with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes”.
A violation of this section is a class D felony.
Although the defendant by defaulting admits all traversable allegations contained in the complaint, this court will not "close its eyes” to an enterprise which is illegal in nature and grant a judgment for money expended in conducting a business that is illegal under the Penal Law of our State. In many situations, the courts denied relief to a litigant due to the fact the relief sought was against public policy. For example, an agreement to participate in an unlawful raffle was void and unenforceable. (Harris v Economic Opportunity Commn., 171 AD2d 223; General Obligations Law § 5-417.) Another example is that the courts will not enforce restrictive covenants of employment which are against public policy. (Matter of Sprinzen, 46 NY2d 623.) Nor will they enforce provisions of agreements which are patently illegal when public policy is at issue. (See, Mendelsohn v A & D Catering Corp., 100 AD2d 209.) Also, the court will not enforce agreements between professionals that are patently unethical and therefore illegal. (Matter of Toffler, 157 Misc 2d 703; Education Law § 6509-a.) The court also will not enforce usurious contracts and notes as against public policy and will declare such contract or note void (except as exempt by statute) (see, General Obligations Law § 5-517). Finally, all wagers or stakes dependent upon any race, chance or unknown or contingent event whatever are void in New York and the courts will not enforce any right to recover the winnings. (General Obligations Law §§ 5-401, 5-411.)
This court will not aid a party who came in with unclean hands by creating an illegal enterprise and then suing to recover money expended in fostering this illegal enterprise.
It is the public policy of this State that no person shall profit from a criminal enterprise. (See, CPLR art 13-A [proceeds of a crime, forfeiture]; Penal Law § 60.27.) Our courts have historically refused to aid illegal enterprises. Should this court now close its eyes to the exact nature of the damages allegedly suffered by the plaintiff in an obviously illegal enterprise?
*353 Therefore, plaintiff is awarded no damages despite the admissions deemed to have been made by the defendant’s failure to answer.
Judgment will be entered dismissing the complaint.