OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered September 7, 1995 affirmed.
Defendant was convicted, after a bench trial, of second degree harassment (Penal Law § 240.26 [1]) and reckless driving (Vehicle and Traffic Law § 1212) upon testimonial and videotape evidence that he "flail[ed] his arms” at and repeatedly struck the complainant, a uniformed New York City Deputy Sheriff, while the latter was in the process of seizing the defendant’s car under the City’s so-called "scofftow” program (see, Administrative Code of City of NY § 19-212), and that defendant wildly maneuvered his car in an effort to extricate himself from the situation.
Under the standards set forth in People v Bleakley (69 NY2d 490, 494-495), the evidence was sufficient to support the verdict and the verdict was not against the weight of the evidence. The trial court, as fact finder, reasonably could conclude that defendant’s conduct was "reckless” within the prohibition of Vehicle and Traffic Law § 1212* id est, that defendant acted with " 'a reckless disregard of the consequences’ ” (People v Grogan, 260 NY 138, 144). In this regard, the evidence established that defendant, during the evening rush hour on a well-traveled midtown Manhattan street, put his car in motion and abruptly shifted gears, causing the car first to "lunge” *853 forward and strike another vehicle and then to "lunge” backwards to within "less than two feet” of a pedestrian crosswalk — all with the front passenger’s door open and the complainant positioned precariously in the front passenger’s seat "with [one] leg hanging off out of the door”. Since the plain terms of Vehicle and Traffic Law § 1212 prohibit "using” as well as "driving” an automobile in a reckless manner, the fact that defendant’s car moved only a few feet during the episode offers no defense to this otherwise viable reckless driving prosecution (see, People v Grogan, 260 NY, at 144, supra [definitional terms "driving or using” interpreted to mean the "running or operation” of an automobile]; see also, People v McCaleb, 25 NY2d 394; People v Marriott, 37 AD2d 868).
With respect to the harassment conviction, the trial court appropriately rejected defendant’s claim that he was justified to use physical force to resist the seizure of his automobile. Contrary to defendant’s argument, the method of seizure followed by the complainant Sheriff was neither unlawful nor an "unauthorized invasion” of defendant’s vehicle. While it is true that the complainant did not serve a notice of execution on defendant at the time of the seizure, both the printed trial record and the People’s videotape evidence lend strong support to the complainant’s testimony that he was not "afforded a chance” to do so because of defendant’s own violent behavior at the scene. In the circumstances present, the complainant’s service of a copy of the execution on defendant one day after his arrest was sufficient to satisfy the statutory requirement that service of the execution be made "forthwith” (CPLR 5232 [b]; see, Cais v Pichler, 123 Misc 2d 275). In any event, even were a technical deficiency in the complainant’s method of seizure shown, the defendant still would not have been justified in his use of physical force against the complainant (see, People v Voliton, 83 NY2d 192, 197; People v Angus, 192 AD2d 665, lv denied 81 NY2d 1069).
Parness, J. P., McCooe and Freedman, JJ., concur.

 The statute reads as follows: "Reckless driving shall mean driving or using any motor vehicle * * * in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway.”