■ JOHN M. RUDEY et al., Plaintiffs, v BROWN, HARRIS, STEVENS, INC., Defendant. SILVER, INC., Formerly Known as BROWN, HARRIS, STEVENS, INC., Third-Party Plaintiff-Respondent, v 1030 FIFTH AVENUE CORPORATION et al., Third-Party Defendants, and LANDMARKS PRESERVATION COMMISSION OF THE CITY OF NEW YORK, Third-Party Defendant-Appellant. [679 NYS2d 296] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered February 11, 1997, insofar as it denied the motion of third-party defendant Landmarks Preser-

vation Commission of the City of New York (Landmark Commission) to dismiss the third-party complaint, and order, same court and Justice, entered May 15, 1997, insofar as it, upon reargument, adhered to the court's prior determination that Landmark Commission was barred from relitigating the issue of whether it had filed an historic designation for the property in question, unanimously affirmed, without costs.

Since the complaint in the main action does not sound exclusively as one for breach of contract, but premises the right to recovery as well upon an independent negligence theory, defendant and third-party plaintiff managing agent may assert a claim for contribution against third-party defendant Landmark Commission (*see, Crosby v Ogden Servs. Corp.*, 236 AD2d 220). The Landmark Commission may not further litigate the issue of whether it duly filed an historic designation for the subject property since we addressed this issue dispositively in a related CPLR article 78 proceeding, *Matter of Rudey v Landmarks Preservation Commn.* (182 AD2d 61, 63, *affd* 82 NY2d 832). Relitigation by the Landmark Commission is now barred by the doctrine of collateral estoppel since the issue has already been fully and fairly litigated and thereafter finally decided against the Commission. Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.