■ PETER TANOUS, Appellant, v RAN CORPORATION, Defendant, and RANDY PETERSEN, Respondent. [708 NYS2d 609] —Order, Supreme Court New York County (Leland DeGrasse, J.), entered January 8, 1999, which granted defendant Randy Petersen's motion to vacate a default judgment entered against him in June 1994 in the amount of $1 million, unanimously modified, on the law, the facts and in the exercise of discretion, to remand the matter solely for a new inquest as to damages, and otherwise affirmed, without costs.

Defendant Petersen has essentially conceded in various representations to the courts of the State of Colorado that he willfully defaulted in this action, and, in any event, he received notice of the default, at the latest, by October 1994, when the default was registered in Colorado, yet never sought relief until 1998, when he was faced with a fraudulent conveyance action there. Petersen has failed to offer any excuse for his delay, and in fact appears to have been content to let the judgment stand so long as he remained judgment-proof, either due to his distance from the jurisdiction in which the judgment was rendered or his purported lack of funds, and, accordingly, vacatur of the judgment is unwarranted, either under CPLR 5015 or as an exercise of the Court's inherent power (*see, Green Point Sav. Bank v Arnold*, 260 AD2d 543; *Greenwich Sav. Bank v JAJ Carpet Mart*, 126 AD2d 451, 452-453). However, plaintiff failed adequately to prove his damages at the ex parte inquest and we, therefore, remand solely for a new inquest, on notice, to determine plaintiff's actual damages, if any. Concur—Sullivan, P. J., Nardelli, Tom, Mazzarelli and Wallach, JJ.