■ JOHN W. COBB, Appellant, v CITY OF NEW YORK et al., Respondents. [708 NYS2d 2] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered December 21, 1998, which, after a jury trial, adjudged defendants not liable for claims of false arrest and imprisonment and malicious prosecution, and found plaintiff was due no damages for assault and battery, unanimously affirmed, without costs.

On September 20, 1994, at 40th Street and Park Avenue, plaintiff was arrested after attempting to drive away in his daughter's car while the individual defendants, Deputy Sheriffs Raymond Clarke and Walter Kraker, were in the process of impounding it for having more than $1,000 worth of outstanding traffic tickets. There was a physical altercation between plaintiff and defendant Clarke when the latter forcibly removed plaintiff from the car.

On September 7, 1995, after a non-jury trial, plaintiff was convicted of harassment in the second degree and reckless

driving. His conviction was affirmed by the Appellate Term, First Department (*People v Cobb*, 172 Misc 2d 851, *lv denied* 90 NY2d 856).

Plaintiff then sued the City, the New York City Sheriff and the Deputy Sheriffs. He asserted six causes of action: assault and battery, false arrest and imprisonment, malicious prosecution, negligence, intentional infliction of emotional distress, and violation of the New York Civil Rights Law. On February 28, 1996, after two adjournments, plaintiff was granted a default judgment on four of his claims due to defendants' failure to answer. An inquest was scheduled to decide damages on these claims, and also to decide liability and damages on his other two claims for false arrest and imprisonment and malicious prosecution.

The parties' counsel had a colloquy with the court before the jury was charged. The day before, a pre-charge conference had apparently taken place off the record. Plaintiff objected that the charge and verdict sheet did not contain all of the claims on which he had obtained a default judgment. The verdict sheet had seven questions: (1) whether Clarke had reasonable cause to arrest plaintiff and (2) if not, what damages; (3) whether plaintiff was subject to malicious prosecution and (4) if so, what damages; (5) whether punitive damages were warranted and (6) if so, how much; and (7) what damages were warranted for plaintiff's pain and suffering.

Defendants argued that the other claims were properly left off the verdict sheet because default judgment on those claims should never have been entered. Defendants cited *Green v Dolphy Constr. Co.* (187 AD2d 635) for the proposition that judgment should not be granted, even on default, if plaintiff's complaint fails to state a cause of action. Plaintiff correctly responded that the default judgment was not subject to collateral attack at this juncture. Since defendants never moved to vacate the default, their liability was law of the case, and it would have been improper for the inquest court to revisit the issue (*Christian v Hashmet Mgt. Corp.*, 189 AD2d 597, 598).

Without addressing the parties' contentions, the court responded by stating that plaintiff's record had been made and the court would proceed accordingly. In its jury instructions, the court clarified that question (7) referred to "past pain and suffering as a result of the intentional tort of assault and battery," and told the jury that plaintiff had already obtained judgment on this issue as to liability. The court's reasons for submitting the assault and battery claim, but ignoring the other three default judgment claims, are unclear. The jury

found no liability for false arrest and imprisonment or malicious prosecution, and no damages on any of the submitted charges.

The court erred in neglecting to charge the jury on plaintiff's claims for damages from defendants' negligence, intentional infliction of emotional distress and civil rights violations. The record is devoid of any explanation of how the court decided, presumably at the off-the-record, pre-charge conference, to omit these claims. In effect, the court tacitly reopened the issue of liability on these claims even though defendants' liability was already law of the case (*Christian v Hashmet Mgt. Corp.*, *supra* [at inquest on damages, court erroneously overturned default judgment on the merits and refused to let jury consider damages for that cause of action]).

Nonetheless, we decline to direct a new inquest on these claims. Plaintiff is precluded from relitigating any issue that was necessarily decided and that is dispositive of his present claims, so long as he already had a full and fair opportunity to litigate the issue (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664; *Atlantic Mut. Ins. Co. v Greater N. Y. Mut. Ins. Co.*, 271 AD2d 278). Here, essential elements of plaintiff's three remaining causes of action have already been decided against him (*see, Rudey v Brown, Harris, Stevens*, 254 AD2d 133, 134).

The inquest jury, having heard both sides' factual allegations and evidence, determined that defendants acted in good faith and had reasonable cause to arrest plaintiff for obstructing governmental administration. This determination is fatal to plaintiff's claim that the Deputy Sheriffs intentionally caused him to suffer emotional distress by willfully and maliciously swearing out a false criminal complaint against him. The jury's verdict necessarily established that defendants' version of the encounter was more credible (*see, People v Acevedo*, 69 NY2d 478, 488).

Plaintiff also claims that defendants violated his civil rights by seizing his vehicle without legal mandate, physically assaulting him and falsely arresting and imprisoning him. The jury, however, decided against plaintiff on the issue of false arrest and imprisonment, and determined that he suffered no damages from any assault. Moreover, on appeal from plaintiff's criminal conviction, the Appellate Term expressly found that the Deputy Sheriffs' method of seizure of the vehicle "was neither unlawful nor an 'unauthorized invasion' of [plaintiff's] vehicle" (*People v Cobb*, *supra*, at 853).

Although defendants did not serve plaintiff with a copy of

the execution before attempting to seize the car, which plaintiff claims was a violation of the mandate of CPLR 5232 (b) that such service be made "forthwith," the Appellate Term found that defendants were deprived of the opportunity to do so because of plaintiff's violent behavior. It was sufficient that the execution was served on him on the following day. The Appellate Term's disposition of this issue forecloses plaintiff's negligence claim as well, since that claim is entirely premised on the allegation that defendants' failure to comply with CPLR 5232 (b) was negligent and proximately caused his injuries (*see, Matter of Latimore*, 252 AD2d 217, 220, *lv dismissed* 93 NY2d 995). Accordingly, we affirm the judgment. Concur— Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.