■ FRANK TAYLOR III et al., Appellants, v BROOKE TOWERS LLC et al., Respondents. [901 NYS2d 224]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered February 25, 2009, which denied plaintiffs' motion to set aside a prior order, same court and Justice, entered September 2, 2008, which, after inquest, awarded no damages and dismissed plaintiffs' complaint alleging a claim of infant lead poisoning, unanimously reversed, on the law, without costs, the complaint reinstated, and the matter remanded for further proceedings consistent with this decision.

As plaintiffs at the inquest presented evidence sufficient to set forth a prima facie case on their claim against defaulting defendants, the court's dismissal of the complaint based on a finding that they had failed to prove liability was erroneous (*see Christian v Hashmet Mgt. Corp.*, 189 AD2d 597 [1993]; *Lippman v Hines*, 138 AD2d 845, 846 [1988]). Moreover, since defendants, who did not appear at the inquest, neither took an appeal from the order granting the default judgment nor moved to vacate it, their liability was law of the case, and it was improper for the inquest court to have revisited the issue (*see Cobb v City of New York*, 272 AD2d 117, 118-119 [2000], *lv denied* 95 NY2d 760 [2000]; *Christian v Hashmet Mgt. Corp.*, 189 AD2d at 598).

Accordingly, the court should have focused on the evidence of damages, and awarded plaintiff nominal damages, at least (*see McClelland v Climax Hosiery Mills*, 252 NY 347, 351 [1930]; *Suckenik v Levitt*, 177 AD2d 416 [1991]). As the court never considered the issue of damages, and the extent of the evidence on damages that was presented by plaintiffs is unclear from the limited record on appeal, the matter is remanded for a determination of damages, if any, based on the evidence presented by plaintiffs at the inquest. Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ.