Petty v Law Off. of Robert P. Santoriella, P.C. (2021 NY Slip Op 07527)





Petty v Law Off. of Robert P. Santoriella, P.C.


2021 NY Slip Op 07527


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Index No. 155468/15 Appeal No. 14924 Case No. 2021-01688 

[*1]Sara Petty, Plaintiff-Appellant,
v
The Law Office of Robert P. Santoriella, P.C., et al., Defendants-Respondents.


ArcÉ Law Group, PC, New York (MaKenna Rogers of counsel), for appellant.



Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about November 27, 2020, which, after an inquest on damages upon defendants' default, dismissed the complaint, unanimously reversed, on the law, without costs, the complaint reinstated, and the matter remanded for a new inquest on damages before a different Justice in accordance with this decision.
"[B]y defaulting, a defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages" (HF Mgt. Servs. v Dependable Care, LLC, 198 AD3d 457, 458, [1st Dept 2021] [internal quotation marks omitted]; see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730-731 [1984]). "Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action," but the standard of proof is "minimal," "not stringent" (Joosten v Gale, 129 AD2d 531, 535 [1st Dept 1987]).
In this case, plaintiff made a prima facie showing in support of all of her causes of action against the defaulting defendants, and therefore the court should not have dismissed the complaint (see Taylor v Brooke Towers LLC, 73 AD3d 535 [1st Dept 2010]).
In her uncontroverted complaint and testimony, plaintiff averred that defendant Santoriella used his position of authority and confidence as an attorney to gain her trust, and then discriminated against her by withholding the legal services she sought in connection with litigation related to a sexual assault of plaintiff and using the pretext of offering such services to harass and subject her to unwelcome sexual conduct and advances. She alleged that he accomplished this by asking her unnecessarily intrusive and humiliating questions which were irrelevant to his representation of her; by continuing to do so even after she told him that his questions were exacerbating her post-traumatic stress disorder and causing her extreme distress; by requesting that she send him photographs and videos which he then used for his own sexual gratification; and by sending her unsolicited sexually explicit photographs of his girlfriend.
Plaintiff properly established claims under New York State Executive Law § 269(2)(a) (State HRL) that defendant Santoriella discriminated against plaintiff based on her gender by "directly or indirectly . . . withhold[ing] from" plaintiff at least some of "the accommodations, advantages, facilities or privileges" of defendant law firm. Given that the similarly worded Administration Code of the City of New York§ 8-107(4)(a) (City HRL) has an even broader application and more liberal construction than the State HRL (see Morse v Fidessa Corp., 165 AD3d 61 [1st Dept 2018];Williams v New York City Hous. Auth., 61 AD3d 62, 66 [1st Dept 2009], lv denied 13 NY3d 702 [2009]), plaintiff also made a prima facie showing that defendant Santoriella's discriminatory behavior violated the City HRL, by "directly or indirectly . . . withhold[ing] from" plaintiff "the full [*2]and equal enjoyment, on equal terms and conditions, of" at least some "of the accommodations, advantages, services, facilities or privileges of" defendant law firm (Administrative Code § 8-107[4][1][a]). Finally, plaintiff established her claim for intentional infliction of emotional distress by demonstrating that defendant Santoriella engaged in extreme and outrageous conduct through his deliberate and malicious campaign of harassment, while disregarding a substantial probability that doing so would cause severe emotional distress to her, and that his conduct did in fact did cause her severe emotional distress (Howell v New York Post Co., 81 NY2d 115, 121 [1993]; Owen v Leventritt, 174 AD2d 471, 472 [1st Dept 1991], lv denied 79 NY2d 751 [1991]). In particular, defendant Santoriella's abuse of his position of power and the attorney-client relationship in responding to plaintiff's attempt to obtain legal representation relating to a prior sexual assault by sexually harassing her was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Howell, 81 NY2d at 122 [internal quotation marks omitted]).
Since the existing record does not provide an adequate basis to assess damages, we remand solely for a new inquest, on notice, to determine plaintiff's damages (see Tanous v Ran Corp., 272 AD2d 105 [1st Dept 2000]). The new inquest should address,
among other things, plaintiff's requests for punitive damages and attorney's fees pursuant to Administrative Code § 8-502(a) and (g).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021