Concordance Healthcare Solutions LLC v Kori Capital Inc. (2023 NY Slip Op 50722(U))

[*1]

Concordance Healthcare Solutions LLC v Kori Capital Inc.

2023 NY Slip Op 50722(U)

Decided on July 14, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2023
Supreme Court, New York County

Concordance Healthcare Solutions LLC, Plaintiff,

against
Kori Capital Inc., PAF Statutory Trust, Hsiao Chen, Defendant.

Index No. 654450/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108 were read on this motion for JUDGMENT — DEFAULT.
In this action, plaintiff Concordance Healthcare Solutions ("Concordance") contracted with defendant Kori Capital for the sale of healthcare supplies (NYSCEF doc. no. 81, Sherman aff. ¶ 5). Concordance alleges that defendant Chen fraudulently induced Concordance to instruct PAF Statutory Trust, an entity responsible for holding funds pursuant to the agreement in escrow, to move the funds to a Bank of America account (NYSCEF Doc. No. 81, Sherman aff. ¶13-16). Plaintiff alleges that Chen improperly converted these funds for his own use (NYSCEF Doc. No. 81, Sherman aff. ¶ 13-15).
In motion sequence 003, plaintiff moves for an order granting default judgment against defendant Hsaio Chen. Defendant PAF Statutory Trust cross-moves for judgment against Chen on its indemnification cross-claims. On an application for a default judgment, pursuant to CPLR 3215, the plaintiff must submit "proof of service of the summons and the complaint[,] . . . proof of the facts constituting the claim, [and] the default" (CPLR 3215[f]). Upon default, "a defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages" (HF Mgt. Servs. LLC v Dependable Care, LLC, 198 AD3d 457, 458 [1st Dept 2021] [internal quotation marks and citation omitted]; Petty v Law Off. of Robert P. Santoriella, P.C., 200 AD3d 621, 621 [1st Dept 2021] [while plaintiff must submit proof of prima facie viability of its claims, "the standard of proof is minimal"] [internal quotation marks and citation omitted]).
First, plaintiff has demonstrated that it served defendant with the summons and complaint and that defendant's time to answer or appear has expired. The parties stipulated to service of the summons and complaint (NYSCEF doc. no. 60, stipulation). Such service is in conformity with [*2]CPLR 311(a)(1) and Business Corporation Law § 306(b). By agreement, Chen was permitted to respond to the complaint by October 7, 2022. Chen has not submitted any response to date and is thus in default.
Additionally, plaintiff has demonstrated the merits of its claim with proper proof. Plaintiff provide the unverified complaint (NYSCEF Doc. No. 1), an attorney's affirmation, the affidavit of William Sherman, Director of Sourcing at Concordance Healthcare Solutions, documentary evidence consisting of business entity filings, a purchase agreement (NYSCEF Doc. No. 82), escrow agreements (NYSCEF Doc. No. 83), a transfer notice (NYSCEF Doc. No. 84), a performance guarantee (NYSCEF Doc. No. 85), Bank of America account documents (NYSCEF Doc. No. 95-97), and various emails (NYSCEF Doc. No. 100-103), in support of its claim that Chen improperly used funds set aside for Kori Capital pursuant to the transaction. Sherman's affidavit attests that Concordance and Kori Capital contracted for the provision of medical gloves and placed $5,691,600 into an escrow account with PAF Statutory Trust. Sherman swears that Chen falsely promised that the transfer of funds from PAF Statutory trust would have no impact on the holding and release of escrow funds. According to Sherman, Chen used the transferred funds on personal expenses such as Verizon and Uber, among other things. The funds still have not been returned to Concordance. The emails confirm that Kori Capital failed to supply the healthcare goods contracted for and indicate that Chen promised to return Concordance's investment. The affidavit relies upon personal knowledge and provides sufficient basis for the claims set forth in the complaint that Chen directed the transfer of the escrow funds to a Bank of America account and withdrew from that account while allowing Kori Capital to dissolve without adequate capital resources to address any past liabilities.
PAF Statutory Trust, moreover, provides evidence of a purchasing agreement containing an indemnification clause for gross negligence and willful misconduct, which would hold PAF not liable for any Kori Capital (or Chen, acting on Kori Capital's behalf) fraudulent acts. As such, PAF's cross-claim for indemnification against Kori Capital and Chen is granted.
Accordingly, it is hereby
ORDERED that plaintiffs' motion for default judgment against defendant Hsiao Chen (Motion Sequence No. 003) is granted, and it is further
ORDERED that the Clerk of the Court is directed to enter judgment against defendant Hsaio Chen in the amount of $4,705,432, together with accrued statutory interest under CPLR § 5001 until the entry of judgment.
Dated: July 14, 2023
Robert R. Reed, J.S.C.