Matter of Jahir I. v Sharon E.W. (2024 NY Slip Op 5635)

Matter of Jahir I. v Sharon E.W.

2024 NY Slip Op 5635

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Docket No. V-05972/21, V-05973-21, V-08532-22/22A, V-09009-22/22A Appeal No. 3015, 3015A Case No. 2024-00818 

[*1]In the Matter of Jahir I., Petitioner-Appellant,
v
Sharon E.W., Respondent-Respondent, Alexandra F., Respondent-Respondent. 

Melanie M. Marmer, Brooklyn, for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.

Orders, Family Court, New York County (Hasa A. Kingo, J.), entered on or about January 17, 2024, which denied petitioner father's motion to vacate an order of custody entered on or about March 1, 2017, in Family Court, Kings County and for an evidentiary hearing, and which denied the father's motion to compel compliance with the judicial subpoena issued to respondent maternal grandmother, and, in effect, quashed the subpoena, unanimously reversed, on the law, without costs, the matter remanded for an evidentiary hearing to determine the circumstances surrounding submission of the petition for custody which resulted in the March 1, 2017 order of custody, the subpoena reinstated, and the motion to compel remanded to the Family Court for determination in connection with discovery for the evidentiary hearing.
In March 2023, the father moved for vacatur of a 2017 order granting custody of the subject child to the child's maternal grandmother, alleging that custody was fraudulently obtained without his knowledge by multiple misrepresentations made to the Family Court, Kings County. In connection with that relief, the father's order to show cause sought "an evidentiary fact finding hearing to determine the circumstances surrounding [the maternal grandmother's 2017 custody petition], with respect to representations that [the maternal grandmother] made to the Court regarding the identity of the father of the child." On or about March 21, 2023, Family Court, New York County granted so much of the father's motion as sought an evidentiary hearing.
The same court had previously issued so-ordered subpoenas to, among others, the maternal grandmother. By order to show cause dated March 14, 2023, the father moved pursuant to CPLR 3124 for an order to compel the maternal grandmother to comply with the so-ordered subpoena. The father's motion sought relief pursuant to CPLR 3126, an order finding the maternal grandmother in contempt, and an order directing her to pay the father's attorney's fees in connection with his motion.
At the end of November 2023, the matter was transferred to the Judge who issued the orders underlying this appeal. However, rather than conduct the ordered hearing, the court denied the father's motion to vacate and declined to hold the evidentiary hearing ordered on March 21, 2023. Furthermore, the court denied the father's motion to compel the maternal grandmother to comply with the so-ordered subpoena served on her, on the grounds that the subpoena was overbroad.
The March 21, 2023 order, which directed a hearing on the father's motion to vacate the 2017 custody order, constituted the law of the case and was thus binding on all judges of coordinate jurisdiction (see Martin v City of Cohoes , 37 NY2d 162, 165 [1975]; see also Christian v Hashmet Management Corp. , 189 AD2d 597, 598 [1st Dept 1993]). Thus, the order denying the motion to vacate the custody order, without holding a hearing, constitutes a violation of the law of the case doctrine[*2], and the order should be reversed on that basis alone (see Post v Post , 141 AD2d 518, 519 [2d Dept 1988]). To the extent that Family Court has not already completed a hearing on the various pending custody petitions, it may hold the hearing requested by the father in his motion to vacate the 2017 custody order simultaneously with the hearing on those petitions.
Under the circumstances of this case, we further find that the court's decision to so-order the subpoena — which, we note, was neither opposed nor the subject of a motion to quash — likewise constituted law of the case. Family Court therefore erred when it denied the motion to compel solely on the basis that the judicial subpoena was overbroad. Upon remand, Family Court shall determine whether the maternal grandmother has complied with the subpoena, and, should it issue an order compelling her to comply, it may determine appropriate relief for her non-compliance.
In view of the foregoing, we need not consider the father's remaining arguments. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024