Martino v Chenel Capital, LLC (2025 NY Slip Op 00917)

Martino v Chenel Capital, LLC

2025 NY Slip Op 00917

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 154267/22 Appeal No. 3710 Case No. 2023-04316 

[*1]Brittany Martino, Plaintiff-Appellant,
v
Chenel Capital, LLC et al., Defendants-Respondents, ABC Corporations et al., Defendants.

Emre Polat PLLC, New York (Emre Polat of counsel), for appellant.

Order, Supreme Court, New York County (Lisa S. Headley), entered on or about August 10, 2023, which, following an inquest, determined that plaintiff failed to establish defendants' liability for hostile work environment, sex discrimination, and retaliation under the New York State and City Human Rights Laws (HRLs) and dismissed the complaint, unanimously reversed, on the law, without costs, the complaint reinstated, and the matter remanded for a new inquest on damages in accordance with this decision.
"[B]y defaulting, a defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages" (HF Mgt. Servs., LLC v Dependable Care, LLC, 198 AD3d 457, 457 [1st Dept 2021] [internal quotation marks omitted]). "Some proof of liability" against defaulting defendants is "required to satisfy the court as to the prima facie validity of the uncontested cause of action, but the standard of proof is minimal, not stringent" (Petty v Law Off. of Robert P. Santoriella, P.C., 200 AD3d 621, 621 [1st Dept 2021] [internal quotation marks omitted]).
Assuming the court, in its prior order ruling on plaintiff's motion for a default judgment, properly ordered an inquest on liability as well as damages, plaintiff testified at inquest that her supervisor routinely asked her invasive questions about her love life, pressured her to work from his apartment and use his pool, showed her footage of other women being videotaped in his home, regularly touched her lower back and shoulders, and after she rebuffed his advances, deprived her of promised benefits and terminated her employment. This testimony was sufficient to support a viable claim that plaintiff was "subjected to inferior terms, conditions, or privileges of employment on the basis of her gender" in violation of the State HRL (Crawford v American Broadcasting Co., Inc., 216 AD3d 507, 508 [1st Dept 2023]) and was treated "less well than other employees" on the basis of gender in violation of the City HRL (O'Rourke v National Foreign Trade Council, Inc., 176 AD3d 517, 517 [1st Dept 2019]). The remarks and circumstances to which plaintiff was subjected "rise above the level of nonactionable petty slights or inconveniences" (id.). Plaintiff's testimony also established a viable claim for retaliation under the HRLs (see Harrington v City of New York, 157 AD3d 582, 585 [1st Dept 2018]; Ananiadis v Mediterranean Gyros Prods., Inc., 151 AD3d 915, 920 [2d Dept 2017]).
Because plaintiff made a prima facie showing of liability at inquest, the court should not have dismissed the complaint (see Petty, 200 AD3d at 621).
Furthermore, on damages, plaintiff's uncontroverted testimony that defendants' actions caused her to experience emotional distress, sleepless nights, anxiety, relationship strain, and weight gain established that she was entitled to at least some compensatory damages, notwithstanding her failure to submit corroborating evidence of mental anguish (see e.g. Matter [*2]of City of New York v New York State Div. of Human Rights, 283 AD2d 215, 215 [1st Dept 2001]).
Accordingly, we remand for a new inquest on the issue of plaintiff's damages. The inquest should address, among other things, plaintiff's requests for emotional distress and punitive damages and attorneys' fees, which Supreme Court did not address at the inquest (see Administrative Code § 8-502[a], [g]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025