LAM Group v Anthony T. Rinaldi LLC (2026 NY Slip Op 50352(U))

[*1]

LAM Group v Anthony T. Rinaldi LLC

2026 NY Slip Op 50352(U)

Decided on March 18, 2026

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 18, 2026
Supreme Court, New York County

LAM Group, LAM PEARL STREET HOTEL LLC, Plaintiff,

againstAnthony T. Rinaldi LLC D/B/A THE RINALDI GROUP, 
 BAYPORT CONSTRUCTION CORP., NOBUTAKA ASHIHARA ARCHITECT P.C., GENE KAUFMAN ARCHITECT P.C., FRANK SETA & ASSOCIATES LLC, Defendant.
BAYPORT CONSTRUCTION CORP., Plaintiff,
againstALFRE AND SONS CONSTRUCTION INC., Defendant.

Index No. 650465/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 102, 103, 104, 105, 106, 107, 108, 109, 110, 111 were read on this motion forJUDGMENT - DEFAULT.
This is a breach of contract action seeking damages resulting from failures allegedly related to the installation of a stucco facade on a commercial building owned by plaintiffs LAM Group and LAM Pearl Street Hotel LLC. In motion sequence 005, third party plaintiff Bayport Construction Corporation moves for a default judgment against the contractor who allegedly performed the work that was the cause of plaintiffs' damages. No opposition to the motion was filed by the noticed return date and no opposition to the motion has been filed as of the date of this decision.
Plaintiffs own a commercial building located at 215 Pearl Street (the "premises"), which was constructed in 2018 and completed in October 2020. Plaintiffs retained defendant Anthony T. Rinaldi LLC as the general contractor, and Bayport Construction Company was a subcontractor who purportedly performed the masonry and stucco work. It is alleged that third-party defendant Alfre and Sons Construction Inc. contracted with Bayport to perform labor and furnished certain materials and equipment in connection with the subject project (NYSCEF doc. no. 111).
On an application for default judgment, made pursuant to CPLR 3215, the party seeking relief must submit "proof of service of the summons and the complaint[,] . . . proof of the facts constituting the claim, [and] the default" (CPLR 3215[f]). Upon default, a party admits all traversable allegations contained in the pleading and thus concedes liability (HF Mgt. Servs. LLC v Dependable Care, LLC, 198 AD3d 457, 458 [1st Dept 2021]; Petty v Law Off. of Robert P. Santoriella, P.C., 200 AD3d 621, 621 [1st Dept 2021] [the standard of proof is minimal]).
CPLR 3215 (g) (4) (i) and (ii) also requires additional service when the default is based upon the nonappearance of a corporation:
(i) When a default judgment based upon non-appearance is sought against a domestic or authorized foreign corporation which has been served pursuant to paragraph (b) of section three hundred six of the business corporation law, an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least twenty days before the entry of judgment.(ii) The additional service of the summons by mail may be made simultaneously with or after the service of the summons on the defendant corporation pursuant to paragraph (b) of section three hundred six of the business corporation law and shall be accompanied by a notice to the corporation that service is being made or has been made pursuant to that provision. An affidavit of mailing pursuant to this paragraph shall be executed by the person mailing the summons and shall be filed with the judgment. Where there has been compliance with the requirements of this paragraph, failure of the defendant corporation to receive the additional service of summons and notice provided for by this paragraph shall not preclude the entry of default judgment.Here, Bayport alleges that on or about March 18, 2025, Alfre was served via the Secretary of State with a Third Third-Party Summons and Verified Third-Party Complaint (NYSCEF doc. no. 108). On June 10, 2025, notice of Service of Process was purportedly mailed to the third-party defendant at the address listed with the Secretary of State pursuant to CPLR 3215 (g)(NYSCEF doc. no. 109). The time for Alfre to respond to the third-party complaint expired, and no appearance has been made to date (NYSCEF doc. no. 103 , para. 8).
Bayport has submitted sufficient proof of adequate service upon third-party defendant [*2]Alfre in compliance with CPLR 3215 [f] and CPLR 306, including proof of the required additional notice as set forth by CPLR 3215 [g][4].
As to proof of the facts constituting the claim as required by CPLR 3215, Bayport submits the affidavit of its President Hassan Bajwa (NYSCEF doc. no. 110). Bajwa attests, under penalty of perjury, that Bayport was the masonry contract for the project located at 215 Pearl Street, New York, New York, that is the subject location of this dispute. Bajwa affirms, based upon his review of the allegations, claims, and documents of this case, that plaintiff's alleged damages arise from façade stucco System Dryvit work that was purportedly performed by Alfre employees (id.). Bajwa attests to the validity of the Bayport/Alfre agreement and submits that the terms of the agreement require Alfre to indemnify and hold Bayport harmless. The party affidavit satisfies the proof constituting the facts of Bayport's third-party claims as required by CPLR §3215 [f] [ii].
It is this court's view that Bayport has made a prima facie showing of entitlement to a default judgment as against Alfre. As noted above, no opposition to the motion has been filed.
Accordingly, it is hereby
ORDERED that the motion brought by third party plaintiff Bayport Construction Corp. for a default judgment against third party defendant Alfre and Sons Construction Inc. is granted, without opposition, and as to liability only; and it is further 
ORDERED that the damages inquiry shall be deferred until the time or following the trial or other disposition of this action as against the defendants who have appeared in the underlying action.
DATE March 18, 2026ROBERT R. REED, J.S.C