[612 NYS2d 670]

In the Matter of CHARLES B. LINN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 6, 1994

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Etta M. Biloon* of counsel), for petitioner.

*Brennan, Fabriani & Novenstern,* Mt. Kisco *(Timothy J. Brennan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained four charges of professional misconduct against the respondent. The petitioner moved to confirm the report to the extent that Charges One, Two, Four, and Five were sustained and to disaffirm to the extent that Charge Three was not sustained. The respondent cross-moved to confirm in part and disaffirm in part.

Charge One alleged that the respondent failed to maintain a duly constituted escrow account and commingled funds in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). Between 1987 and 1989, the respondent and his law partner and twin brother, Michael Linn, maintained an escrow account in the name of their firm at Manufacturers Hanover Trust Company. During that time, the respondent represented 76 River Street Corporation, an entity in which he was also an investor. In that capacity, the respondent periodically received money to be held in escrow to pay out certain disbursements on behalf of the entity. After disbursements, the balance was available for distribution to investors, including the respondent.

Rather than issue a check to himself for his share of the funds due him as an investor, the respondent paid certain personal expenses directly from the escrow account in order to satisfy his personal obligations. These expenditures included bank checks payable to American Express and Chemical Bank.

Charge Two alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law based on the same escrow account involved in Charge One. Between 1987 and 1991, the respondent's law partner, Michael Linn, converted client funds to his own use from the firm's joint escrow account. The respondent, as a signatory on that account, knew or should have known at the time, that his law partner was converting funds, which were entrusted to him to be held in escrow, from the firm's joint escrow account. The respondent failed to adequately oversee or review the escrow records for the firm's escrow account and thereby contributed to the conversion by his law partner.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law involving a special account maintained by him and his brother in the name of their law firm at the State Bank of Westchester. Between May 1988 and October 1990 the respondent was a signatory on that special account. During that time, his brother converted client funds from that account to his own use. The respondent knew or should have known at the time that his law partner was converting funds entrusted to him to be held in escrow from that special account. The respondent failed to adequately oversee or review the escrow records for the firm's special account and thereby contributed to the conversion of funds.

Charge Five alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law by failing to maintain required bookkeeping records for an escrow account. The respondent has failed to maintain a record of all deposits to and withdrawals from the escrow account at Manufacturers Hanover Trust Company.

After reviewing all of the evidence adduced, we conclude that the Special Referee properly sustained Charges One, Two, Four, and Five. Accordingly, the motion and cross motion are granted to that extent and are otherwise denied.

In determining an appropriate measure of discipline to impose, we have considered the respondent's previously unblemished record and the absence of any evidence that the respondent was an affirmative party to his brother's conversion. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm so much of the Special Referee's report as sustained Charges One, Two, Four, and Five, and to disaffirm to the extent that Charge Three was not sustained, is granted to the extent that Charges One, Two, Four, and Five are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee is

granted solely to the extent that Charge Three is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that Charles B. Linn is hereby censured for his professional misconduct.