[622 NYS2d 453]

In the Matter of CYNTHIA LYNN PRICE, an Attorney, Resignor.

Second Department, January 9, 1995

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David Cheung* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Cynthia Lynn Price,* Brooklyn, resignor *pro se.*

### OPINION OF THE COURT

Per Curiam.

Cynthia Lynn Price has submitted an affidavit dated November 16, 1994, wherein she tenders her resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Ms. Price was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on June 29, 1988.

Ms. Price acknowledges that she is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts concerning allegations that she, *inter alia,* misappropriated escrow funds. Ms. Price further acknowledges that if charges were predicated upon the alleged misconduct under investigation, she could not successfully defend herself on the merits against those charges.

Ms. Price's proffered resignation expressly indicates that it is submitted subject to an order of this Court directing that she make restitution to any persons whose money or property she misappropriated or that she reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Ms. Price recognizes that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against her. She specifically waives the opportunity afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Ms. Price indicated that she is tendering her resignation freely and voluntarily, that she is not being subjected to coercion or duress, and that she is fully aware of the implications of submitting her resignation. She states that she could not successfully defend herself on the merits against disciplinary charges based upon the allegations against her.

Counsel for the Grievance Committee urges acceptance of the proffered resignation. Under the circumstances, the resignation of Cynthia Lynn Price as a member of the Bar is accepted and directed to be filed. Accordingly, Cynthia Lynn Price is disbarred and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, THOMPSON and KRAUSMAN, JJ., concur.

Ordered that the resignation of Cynthia Lynn Price is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Cynthia Lynn Price is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Cynthia Lynn Price shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Cynthia Lynn Price is commanded to desist and refrain (1) from practicing law in any form, either as principal

or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Cynthia Lynn Price, is directed to make restitution in the amount set forth to the following party whose money or property was willfully misappropriated or misapplied, less the amount of any awards to that person by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication:

Anne Collins in the sum of $100,000

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by her; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.

Motion by the petitioner to suspend the respondent from the practice of law pending further order of the Court, pursuant to 22 NYCRR 691.4 (l), upon a finding that she is guilty of professional misconduct immediately threatening the public interest, in that she has failed to submit written answers to the complaints currently pending against her. The petitioner further seeks authorization to institute and prosecute a disciplinary proceeding against the respondent. The respondent was admitted to the practice of law by the Appellate Division, Second Judicial Department, on June 29, 1988.

Upon the papers filed in support of the motion and the resignation proffered by respondent, it is

Ordered that the motion is dismissed as academic, in view of the opinion and order of this Court, dated January 9, 1995, accepting the respondent's resignation, disbarring her and striking her name from the roll of attorneys and counselors-at-law.