[683 NYS2d 526]

In the Matter of SONYA LATIMORE (Admitted as SONYA WHITTEN LATIMORE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 19, 1999

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Alfredo A. Johannes* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Sonya Latimore was admitted to the practice of

law in the State of New York by the Second Judicial Department on March 28, 1984. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On January 4, 1996, petitioner Departmental Disciplinary Committee (Committee) served respondent with a Notice and Statement of Charges alleging that she violated Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) and DR 9-102 (D) and (E) with respect to two unrelated matters. In the first matter, it is alleged that respondent breached her fiduciary duty as escrow attorney by failing to adequately supervise the escrow account, and by signing several checks in blank while she was out of the country, both of which contributed to her co-signatory's conversion of funds from the account. In the second matter, the Committee alleges that respondent violated DR 1-102 (A) (8) by persistently failing to exercise supervision over real estate salespersons acting under her real estate broker's license, which persons were engaged in deceptive and fraudulent practices in the sale of Florida real estate.

A Hearing Panel was convened on June 27, August 8, September 26 and December 3, 1996 to receive evidence relating to the charges. The Panel sustained each of the charges in a Report and Recommendation issued November 26, 1997. Written submissions were accepted by the Panel on the issue of sanction, and on July 6, 1998, it recommended that respondent be suspended for a period of six months.

By petition dated July 29, 1998, the Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing a six-month suspension. Respondent cross-moves to disaffirm the Panel's liability findings, and, alternatively, for a lesser sanction of private reprimand or public censure.

The Panel's findings and conclusions should be confirmed. Regarding the escrow account matter, the record discloses that in March 1992 respondent agreed to act as co-escrow agent with attorney Price, whom she had recently met. Both attorneys' signatures were required for any check drawn on the escrow account and respondent was to receive a fee for her services. In April 1992, before departing on a trip abroad, respondent presigned six blank checks from the escrow account and left them with Price. Price converted most of the funds in the account by making several checks payable to "cash." As a result of these allegations, Price was disbarred by the Appellate Division, Second Department (see, Matter of Price, 207 AD2d 112).

We agree with the Hearing Panel's conclusion that respondent's complete abdication of her responsibilities as a fiduciary to supervise the escrow account, and in providing her co-signatory with presigned, blank checks, constituted professional misconduct warranting disciplinary action (*see, Matter of Linn*, 200 AD2d 4, 5; *Matter of Pollack*, 142 AD2d 386, 389). Respondent's actions enabled her co-fiduciary to write out checks from the escrow account to "cash", which is prohibited by DR 9-102 (E).* As the Panel aptly noted, "[p]re-signing checks on an escrow account that requires two signatures defeats the very purpose of ensuring that the funds are properly disbursed." Respondent also failed to maintain and oversee the required records for all deposits and withdrawals from the account in violation of DR 9-102 (D). This conduct plainly contributed to the conversion of the funds (*Matter of Linn, supra*). The fact that respondent was unaware of her co-fiduciary's conversion, and presigned the check for the client's convenience, does not negate the fact that respondent's conduct was completely inimical to the role of a fiduciary (*supra*). We further agree that respondent's actions adversely reflect on her fitness to practice law in violation of DR 1-102 (A) (8), which, we note, has no scienter requirement.

The charge relating to the failure to supervise salespersons working under her real estate broker's license should also be sustained. Beginning in 1992, respondent was a representative real estate broker and corporate counsel for Florida Management Group Inc. (FMG) and related entities, which were New York corporations formed to sell land and homes in Florida. The New York State Attorney-General's office commenced an action in Supreme Court, Nassau County, against FMG, its salespersons, respondent and others to enjoin the fraudulent sales practices engaged in by FMG. Respondent defaulted in the action, resulting in findings that she engaged in "deceptive acts and practices" and "repeatedly failed to exercise supervision over real estate salespersons acting under [her] real estate broker's license". The Committee relied on this finding to invoke the doctrine of collateral estoppel in this disciplinary proceeding. The Hearing Panel rejected respondent's argument that there was no identity of issues, and determined that respondent was collaterally estopped from relitigating her failure to supervise FMG employees engaging in fraudulent practices.

---

* Respondent's contention that the converted funds were withdrawn from a different escrow account is refuted by the record, as the checks converted by Price bear the specific account number for the escrow account for which Price and respondent were co-signatories.

We agree with the Hearing Panel's collateral estoppel determination (*see, Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71; *Matter of Kramer*, 235 AD2d 87, 89, *lv denied* 91 NY2d 805). The issue of respondent's failure to supervise salespersons acting under her broker's license was identical in each action, and respondent had ample opportunity to contest the allegations in the Nassau County action (*see, Matter of Yao*, 231 AD2d 346, 348). However, she allowed a default judgment to be entered against her, failed to persuade the Supreme Court to vacate said default and did not pursue her appeal.

In any event, the Committee adduced independent evidence in the form of FMG clients, who were victimized by FMG's fraudulent practices, which overwhelmingly establishes not only respondent's failure to supervise, but also her own participation in misleading the victims.

With respect to the issue of sanction, respondent's professional neglect in the two aforementioned matters demonstrates a pattern of misconduct. Respondent has also received two prior admonitions. She received a letter of admonition in August 1990 due to her repeated failure to fund a check for her client's closing costs, and she subsequently failed to pay a judgment against her. In February 1994, respondent received another letter of admonition relating to her negligent handling of an uncontested divorce. Our precedents make clear that an attorney who has neglected legal matters and has a prior disciplinary history is subject to suspension (*see, Matter of Danas*, 236 AD2d 44; *Matter of Mannan*, 233 AD2d 77; *Matter of Siegel*, 193 AD2d 181). Given respondent's continuing neglect in the face of two prior admonitions, we believe that a suspension of one year is the appropriate sanction.

Accordingly, the Committee's motion for an order confirming the Panel's findings of facts and conclusions of law should be granted. The Panel's recommendation that this Court impose a six-month suspension should be disaffirmed and respondent should be suspended from the practice of law, effective 30 days from the date of this order, for a period of one year and until the further order of this Court.

SULLIVAN, J. P., LERNER, MAZZARELLI, ANDRIAS and SAXE, JJ., concur.

Petition granted only insofar as to confirm the Hearing Panel's findings of fact and conclusions of law, and disaffirmed as to the Hearing Panel's recommended sanction, and respondent suspended from the practice of law in the State of New

York for a period of one year, and until the further order of this Court, all effective February 18, 1999. The cross motion is denied in its entirety.