[720 NYS2d 529]

In the Matter of CHARLES B. LINN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 13, 2001

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

*Nicholas C. Cooper,* New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition which contained one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The respondent now moves to confirm the Special Referee's report and submits that the approximately 1½ year interim suspension is a sufficient sanction. He thus requests an immediate reinstatement. The Grievance Committee has submitted a reply affirmation urging that the Court confirm the Special Referee's report and impose such discipline as it deems just and proper.

The charge alleges that the respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

On January 6, 1999, the respondent pleaded guilty before the Honorable Lisa Margaret Smith of the United States District Court, Southern District of New York, to a charge of tax evasion, in violation of 26 USC § 7201. That crime is a Federal felony. The respondent was sentenced on or about April 8, 1999, before the Honorable Charles L. Brieant to three months imprisonment and two years supervised release, three months of which was to be served under home detention.

As the charge is uncontested, that branch of the respondent's motion which seeks to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline, the respondent submits that his prior censure should not be viewed as an aggravating factor. By opinion and order of this Court dated June 6, 1994, the respondent was censured for his failure to adequately oversee or review escrow records of his firm (*see, Matter of Linn, supra,* 200 AD2d 4).

The respondent served his sentence from May 1999 until August 13, 1999, and made full restitution of the Federal taxes

owed, for a total of approximately $37,000 to $38,000. He voluntarily paid the State tax arrearages and filed amended returns for approximately $11,000 for all of the State taxes. that were due.

The respondent testified further with respect to the catastrophic economic effects of the felonious conduct of his disbarred brother, with whom he was in practice (*see, Matter of Linn [Michael]*, 183 AD2d 399). The respondent undertook to pay his poverty-stricken sister-in-law $200 per week. When his brother went to prison, the respondent assumed the support of an elderly uncle, whom both he and his brother had been supporting. The respondent also undertook to repay a $25,000 loan from his brother's father-in-law and a $17,000 obligation to the Bank of New York, of which he was a guarantor. The respondent also assumed responsibility for his brother's outstanding civil matters, which totalled some 15 to 20 clients. The respondent took no fees for the services rendered to his brother's clients, even though the process of closing out took over a year.

The respondent asked that his wrongdoing be deemed aberrational based on his 26 years of practice and the character attestations he has received from friends and clients.

The Grievance Committee submits that even though the respondent admitted to his criminal behavior, he is still attempting to lay the underlying blame for his own professional misconduct on the actions of his brother. Notwithstanding the respondent's financial prosperity during this period, he did not pay his taxes. The Grievance Committee contends that this reflects an inability on the respondent's part to assume responsibility for his own conduct.

Under the totality of circumstances, the respondent is suspended from the practice of law for one year.

BRACKEN, ACTING P. J., O'BRIEN, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the respondent's motion to confirm the report of the Special Referee is granted to the extent that the charge is sustained and is otherwise denied, and it is further,

Ordered that the respondent, Charles B. Linn, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempt-

ing to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Charles B. Linn, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.