## Schwind v 303 Lexington Ave. Co, LLC

2026 NY Slip Op 30648(U)

February 19, 2026

Supreme Court, New York County

Docket Number: Index No. 158987/2020

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. VERNA L. SAUNDERS, JSC                    PART     36

*Justice*

------------------------------------------------------------------------X

ANDREA SCHWIND and JOHN SCHWAB,

Plaintiffs,

- v -

303 LEXINGTON AVENUE CO, LLC, AFFINIA CAPITAL,
LLC, DHG FEE HOLDING CO., LLC, DHG MANAGEMENT
COMPANY, LLC, SHELBURNE NYC AFFINIA HOTEL, and
DENIHAN HOSPITALITY GROUP,

Defendants.

------------------------------------------------------------------------X

INDEX NO.          158987/2020

MOTION SEQ. NO.          004

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 40, 41, 42, 43, 44, 45, 46, 47,
48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75

were read on this motion to/for                    **SUMMARY JUDGMENT**                    .

Plaintiff Andrea Schwind ("plaintiff") seeks damages for personal injuries allegedly sustained on February 16, 2018, at approximately 4:00 P.M., when she slipped and fell inside the Affinia Shelburne Hotel located at 303 Lexington Avenue, New York, NY, while descending the stairs from the 14th floor to the 13th floor (NYSCEF Doc. No. 44, *verified bill of particulars* ¶ 2-3). Upon the foregoing documents, defendants' motion of for summary judgment pursuant to CPLR 3211 and 3212, dismissing the complaint is denied.

Regarding the subject incident, plaintiff testified at her deposition that the stairway she was traversing had handrails on both sides, that there were fluorescent lights in the stairway, and that she was able to see where she was going (NYSCEF Doc. No. 53, tr at 34-36). At the time, she was carrying an unopened wine bottle and two wine glasses in her left hand (*id* at 30). She was looking straight and noticed there was a trash can at the bottom of the second set of the steps, which was overflowing with trash, including water bottles (*id* at 37). As she reached the bottom of the steps, she was no longer holding the handrail (*id* at 38). She further testified that she did not notice any liquid or wetness on the steps before the incident occurred (*id* at 39), nor any trash or debris on the steps prior to the incident but did notice that the trash was overflowing, and it was on the bottom step (*id* at 39). After her fall, plaintiff noticed a clear liquid on the step and on the landing of the 13th floor (*id* at 42). There were no witnesses to the accident (*id* at 46). Plaintiff told the EMS attendants that she fell when she was on the stairs in the stairwell and that she was holding a bottle of wine, and it shattered in her hand (*id* at 60). She testified she was not aware of any prior verbal or written complaints to the hotel concerning the condition of the stairway (*id* at 59) and finally, she testified that there were no photos taken of the accident site depicting the condition it was in at the time of the accident (*id* at 47).

At his deposition, Ecker Cano ("Cano"), defendant Shelburne's director of rooms, testified that in February 2018, he oversaw the housekeeping department (NYSCEF Doc. No. 55, tr at 11). He testified that the stairways, hallways, and corridors are under housekeeping and specifically that

[* 1]

the housemen were responsible for cleaning the corridors and stairways (*id* at 14, 22). He further testified that the morning shift for the housemen was from 8:30 A.M. to 4:00 P.M. (*id* at 23). The stairways of each floor had two receptacles, one for trash and for recycling (*id* at 30-31). The stairwells were checked at scheduled times between 1:00 P.M. to 3:00 P.M. (*id* at 32). He testified that the trash receptacles were checked periodically throughout the day, and they were never "all the way up to capacity" because the garbage would be removed and substituted with a new garbage bag (*id* at 31-32). After the incident, he went to the 14th floor stairwell around 4:00 P.M. with Franklin Wynter ("Wynter"), the security guard, and saw a broken wine bottle and spilled wine (*id* at 33). He testified that there were no cleaning logs of the stairwell from the 13th to 14th floor area (*id* at 38). The houseman on duty on the date of the incident was Raphael Marrero ("Marrero") (*id* at 39), and Cano testified that Marrero did not make a report of the area he cleaned after the incident (*id* at 46).

In his affidavit, Wynter attested that he was employed as a security officer at the Affinia Shelburne Hotel on February 16, 2018 (NYSCEF Doc. No. 58). His daily shift ran from 3:00 P.M. to 11:00 P.M. (*id* ¶ 3). His job duties included inspecting the hallways, stairwells, and corridors from the top floor to the bottom, including descending the staircases to ensure all areas were clean (*id* ¶ 4). As part of his job duties, he prepared a daily security report detailing his findings during the shift (*id* ¶ 5). The daily security report annexed to his affidavit states that at the date of the incident at 3:00 P.M., he found all the hallways and stairways of the hotel to be "clear and unobstructed." He also attested he would finish his inspection of the stairways for the 13th to the 14th floor no later than 3:15 P.M. (*id* ¶ 6).

In this motion, defendants move to dismiss the complaint on the ground that plaintiff failed to furnish any evidence of the presence of an alleged defective condition on the stairwell at the time of her incident, as there are no photographs, or witnesses, and there is no proof that the alleged condition that caused her fall was a dangerous or defective condition (NYSCEF Doc. No. 61, *Memorandum of Law in Support at 2-4*). They further argue that plaintiff did not make any complaints to the defendants' employees or to anyone else concerning the alleged condition at any time prior to her accident, failing to establish how long the alleged condition existed prior to her incident, and defendants were vigilant in their maintenance and inspection of the subject stairway/steps and the trash receptacles (*id* at 6). Defendants argue that the testimonies of Cano and Wynter show that the subject stairway was inspected less than one hour before plaintiff's incident and the area was found to be "clear and unobstructed," which was consistent with the testimony of Cano regarding the schedule of the housekeeping personnel that required the trash receptacles to be emptied in each stairway by 3:00 P.M. Defendants further contend that plaintiff did not complain to any of defendants' employees about any defective conditions in the stairway prior to her fall, and did not even advise them of the alleged condition following her accident (*id* at 3). Defendants argue that plaintiff's testimony only speculates the cause of the accident (*id* at 11). Lastly, defendants argue that plaintiff's claim is barred by the doctrine of assumption of risk because she descended the stairs despite being aware of the dangerous condition, and there was an availability of a different staircase or an elevator (*id* at 15).

In opposition, plaintiff argues that defendants are merely pointing to gaps in plaintiff's proof, and that there is a triable issue of fact as to whether defendants created the dangerous condition and whether they had constructive notice because they failed to show when the area in question was last cleaned or inspected (NYSCEF Doc. No. 74, *Memorandum of Law in Opposition at 3*). Plaintiff argues that defendant failed to submit any testimony or evidence any of the houseman on duty, including Marrero as to any inspections conducted of the area in question, and Cano testified that it

[* 2]

was the responsibility of the housemen to inspect the stairwells (*id* at 7). Plaintiff further argues that the inspection of the property within 15 minutes is inadequate and insufficient given that size of the property (*id* at 7). Additionally, plaintiff argues that she testified her foot came into contact with liquid on the bottom step when she slipped from the trash overflow, and the same was noted in the incident report with the handwritten changes (*id* at 4). Lastly, plaintiff argues that the doctrine of assumption of risk does not bar her claim because the doctrine does not exculpate a landowner from liability for ordinary negligence in maintaining property (*id* at 12).

"'[T]he proponent of a summary judgment motion must make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[F]ailure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Ayotte*, 81 NY2d at 1063 [internal quotation marks and citation omitted]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of act which require a trial of the action" (*Alvarez*, 68 NY2d at 324; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman*, 49 NY2d at 562).

"Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *see also American Home Assur. Co. v Amerford Intl. Corp.*, 200 AD2d 472, 473 [1st Dept 1994]). On a summary judgment motion, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]). "In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (*Rodriguez v Kwik Realty, LLC*, 216 AD3d 477, 478 [1st Dept 2023], quoting *Parietti v Wal-Mart Stores, Inc.*, 29 NY3d 1136, 1137 [2017]).

Here, defendants fail to demonstrate that they did not create a hazardous condition. They did not produce any testimony from the housemen, particularly from Marrero, the houseman on duty, regarding the cleaning practices or the lack of prior complaints (*see Henriquez v Appula Mgt. Corp.*, 234 AD3d 592, 592 [1st Dept 2025]). The contradictory testimonies of plaintiff and Wynter regarding the condition of the stairwell, standing alone, is sufficient to raise triable issues of fact and credibility (*see Katz v 260 Park Ave. S. Condominium Assoc.*, 168 AD3d 615, 616 [1st Dept 2019]). Even assuming defendants did not create the alleged conditions, they failed to submit sufficient evidence to establish they lacked actual notice by failing to submit specific evidence showing the absence of complaints or other accidents at the site (*see Henriquez*, 234 AD3d at 592).

Furthermore, defendants failed to show, as a matter of law, that they lacked constructive notice of the alleged condition. "To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit defendant's employee to discovery and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986] [citations omitted]). "To demonstrate lack of constructive notice, a defendant must produce evidence of its maintenance activities on the day of the accident, and specifically that the

dangerous condition did not exist when the area was last inspected or cleaned" (*Barrett v Aero Snow Removal Corp.*, 167 AD3d 519, 520 [1st Dept 2018] [internal quotation marks and citations omitted]). Here, defendants failed to proffer any evidence as to when the stairs were last cleaned. Cano's testimony only shows the general cleaning procedures of the trash receptacles, which is insufficient to satisfy the burden of demonstrating the lack of constructive notice of the condition prior to the accident (*see Smith v Montefiore Med. Ctr.*, 192 AD3d 609, 610 [1st Dept 2021]). Neither Cano's testimony, nor Wynter's affidavit is sufficient as they fail to offer any evidence as to "[w]hen the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Vargas v Riverbay Corp.*, 157 AD3d 642, 642 [1st Dept 2018] [internal quotation marks and citation omitted]). Notably, defendants did not submit an affidavit from, Marrero, the houseman on duty, despite Cano testifying that the cleaning of the stairways was under housekeeping, and that the housemen were responsible for the stairways (NYSCEF Doc. No. 55, tr at 14, 22). Additionally, "[p]roof of regular maintenance schedule does not suffice for purposes of showing that it was followed on the date of the accident" (*Henriquez*, 234 AD3d at 593 [citations omitted]). Furthermore, "[p]laintiff's failure to notice the alleged hazard prior to her fall does not conclusively establish defendants' lack of notice" (*id* [citations omitted]).

Lastly, this court declines to consider defendants' risk of assumption arguments as it is inapplicable to the alleged circumstances of plaintiff's fall on a landing at the bottom of a short flight of stairs. "The underlying policy of the doctrine [of assumption of risk] is to facilitate free and vigorous participation in athletic activities, not to exculpate a landowner from liability for ordinary negligence in maintaining its premises" (*Samuels v Town Sports Intl., LLC*, 174 AD3d 429, 429-30 [1st Dept 2019] [internal quotation marks and citations omitted]).

Since defendants did not meet their *prima facie* burden of proof, their motion for summary judgment dismissing the complaint is denied without the need to consider the adequacy of plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [citations omitted]). Accordingly, it is hereby

**ORDERED** that defendants' motion for summary judgment pursuant to CPLR 3211 and 3212, dismissing the complaint is denied; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for defendants shall serve a copy of this decision and order, with notice of entry, upon plaintiff.

This constitutes the decision and order of this court.

**February 19, 2026**

_____
HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |