■ ATLANTIC MUTUAL INSURANCE COMPANY, Appellant, v GREATER NEW YORK MUTUAL INSURANCE COMPANY et al., Respondents. [660 NYS2d 983] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 10, 1996, which, insofar as appealed from, granted defendants' cross-motion for summary judgment dismissing the action, unanimously reversed, insofar as appealed from, on the law, without costs or disbursements, the cross-motion denied and the matter remanded for a determination of defendant Greater New York Mutual Insurance Company's pro rata share of the costs of defending the *Bensuli* action.

Having insured a common obligation by providing successive coverage to their insured, 1010 Tenants Corp., plaintiff and defendant Greater New York Mutual Insurance Company (GNY)

are liable, as coinsurers, for the costs of defending the insured. (*See, Atlantic Mut. Ins. Co. v American Motorists Ins. Co.*, 181 AD2d 519.) While the IAS Court recognized that two insurance companies that have provided successive coverage have been held liable as coinsurers, it nevertheless concluded that it would "offend equity * * * to permit plaintiff now, essentially, to collaterally invade the 1986 court approved settlement [in *Bensuli v 1010 Tenants Corp.*, NY County index No. 12130/81] reached between [GNY] and [1010 Tenants]." GNY's payment of $20,000 in attorneys' fees on behalf of 1010 Tenants was not, however, part of the court approved settlement of the *Bensuli* action, and there is nothing in the record that suggests that there was an agreement between 1010 Tenants and GNY discharging the latter from its obligation to pay defense costs in that action. Therefore, plaintiff is entitled to recover from GNY its pro rata share of the defense costs (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 655; *Atlantic Mut. Ins. Co. v American Motorists Ins. Co., supra*, 181 AD2d 519), and we remand for a determination of that amount. Concur—Sullivan, J. P., Milonas, Wallach, Tom and Mazzarelli, JJ.