■ ATLANTIC MUTUAL INSURANCE COMPANY, Appellant, v GREATER NEW YORK MUTUAL INSURANCE COMPANY et al., Respondents. [707 NYS2d 398] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about November 16, 1998, which granted, in part, the motion of defendants Greater New York Mutual Insurance Company and Insurance Company of Greater New York to amend their answer to add four affirmative defenses, unanimously modified, on the law, by striking the fifth affirmative defense, except to the extent it

seeks to limit plaintiff's reasonable costs to $325,000, and striking the sixth affirmative defense in its entirety and, except as so modified, affirmed, without costs.

This dispute arises out of coverage provided, respectively, by plaintiff Atlantic Mutual Insurance Company and defendants Greater New York Mutual Insurance Company and Insurance Company of Greater New York (collectively, Greater) to 1010 Tenants Corporation. When the tenants of a cooperative apartment brought suit against the corporation for water damage sustained in their apartment, Atlantic Mutual disclaimed coverage, and Greater assumed the defense of the action. 1010 Tenants Corporation engaged the services of a law firm and an engineering consultant in connection with its defense. The cooperative corporation then instituted an action against Atlantic Mutual for the legal and engineering fees incurred, recovering a judgment of $544,607.25. This Court directed a new trial unless the cooperative corporation stipulated to a reduced damage award in the total amount of $325,000 (*1010 Tenants Corp. v Atlantic Mut. Ins. Co.*, 146 AD2d 471). Prior to the new trial, Atlantic Mutual settled the action by paying the corporate plaintiff the full amount of the judgment it had obtained.

Atlantic Mutual then commenced this action against Greater seeking contribution towards the amount it paid to settle the suit brought by the cooperative. On appeal from an order granting summary judgment dismissing the complaint, this Court reversed on the ground that the parties are liable, as coinsurers, for the cost of defending the action against 1010 Tenants Corporation (241 AD2d 427, *lv dismissed* 91 NY2d 956). Greater then moved for leave to serve an amended answer asserting four additional affirmative defenses in which it contends that: (a) if it is liable for any portion of the fees, it is liable only for the "reasonable costs" of defense costs (fifth affirmative defense); (b) it is not liable for any fees that resulted from Atlantic's breach of its insurance contract (sixth affirmative defense); (c) it is entitled to a setoff for $83,000 it paid to settle the action brought by the tenants (seventh affirmative defense); and (d) it is entitled to a setoff for the amount expended in defending the cooperative corporation in that action (eighth affirmative defense).

We agree with defendants' contention that collateral estoppel is inapplicable to bar the affirmative defenses. Greater was neither a party to the insured's action against Atlantic Mutual (*Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005) nor in privity with a party to that action (*cf., D'Arata v New York Cent. Mut. Fire Ins. Co.*,

76 NY2d 659, 664-665). However, under the doctrine of law of the case, the respective parties are bound by our prior decision in this matter, holding that Atlantic is "entitled to recover * * * its pro rata share of the defense costs" (241 AD2d 427, 428, *supra*). The sixth affirmative defense seeks to avoid liability on the ground that Greater should not be held liable for any costs attributable to Atlantic's refusal to defend the cooperative corporation. This was the ground upon which this action was originally dismissed and was expressly rejected by this Court on appeal (241 AD2d 427, *supra*). Likewise, the fifth affirmative defense is barred to the extent that it seeks to avoid liability for such costs. However, Greater's liability is limited by this Court's previous finding that costs exceeding $325,000 are unreasonable (*1010 Tenants Corp. v Atlantic Mut. Ins. Co.*, *supra*). As a party to that action, Atlantic Mutual is estopped to relitigate this issue.

The seventh and eighth affirmative defenses assert, respectively, setoffs and counterclaims for $83,000, which Greater paid to settle the tenant action against the cooperative corporation, and for the cost of defending the insured in that action. These amounts are properly included in the calculation of the defense costs and the determination of Greater's pro rata share.

We find no merit to Atlantic's assertion that it has been prejudiced by Greater's motion to assert additional affirmative defenses. CPLR 3025 allows liberal amendment of pleadings absent demonstrable prejudice. Aside from the mere passage of time, no prejudice is discernible here. Virtually no discovery has been conducted, and Atlantic does not profess surprise at the nature of the counterclaims. Assertion of these defenses was necessitated by the reversal of summary judgment to Greater and amendment was proposed within days of this Court's decision. Concur—Tom, J. P., Rubin, Andrias, Buckley and Friedman, JJ.