Dynatec Contr., Inc. v Burlington Ins. Co. (2020 NY Slip Op 03458)





Dynatec Contr., Inc. v Burlington Ins. Co.


2020 NY Slip Op 03458


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Acosta, P.J., Richter, Mazzarelli, Webber, González, JJ.


11666 655241/17

[*1] Dynatec Contracting, Inc., et al., Plaintiffs-Respondents,
v
The Burlington Insurance Company, Defendant-Appellant, Rock Scaffolding Corp., Defendant.


Adrian & Associates, New York (James M. Adrian of counsel), for appellant.
Melito & Adolfsen P.C., New York (Ignatius John Melito of counsel), for respondents.



Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 15, 2019, which denied the cross motion of defendant Burlington Insurance Company for summary judgment and granted plaintiffs' motion for summary judgment declaring that Burlington was obligated to defend plaintiffs in the underlying action, unanimously modified, on the law, to declare that Burlington is not obligated to defend or indemnify plaintiff 653 Tenth Avenue, LLC (653 Tenth) as an additional insured on its policy issued to nonparty Rock Scaffolding, and that Burlington is obligated to reimburse plaintiff Dynatec Contracting, Inc. (Dynatec) for defense costs incurred since its tender to Burlington, and otherwise affirmed, without costs.
653 Tenth was not an additional insured under the Burlington policy issued to Rock Scaffolding, given the absence of contractual privity between Rock Scaffolding and 653 Tenth. The Burlington policy included as an additional insured, "any person(s) or organization(s) with whom you [Rock Scaffolding] agreed, because of a written contract, written agreement or permit, to provide insurance such as is afforded under this Coverage Part." However, no such contract exists between 653 Tenth and Rock Scaffolding (see Turner Constr. Co. v Endurance Am. Specialty Ins. Co., 161 AD3d 439, 440 [1st Dept 2018]; Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146 [1st Dept 2016]), affd 31 NY3d 131 [2018]).
Burlington's initial disclaimer stated that the underlying plaintiff's verified bill of particulars and C3 form had been reviewed. Since both of these documents identified the accident location as the 5th floor level, this ground for disclaiming coverage was "readily apparent based upon the documents delivered to the insurer" (Ace Packing Co., Inc. v Campbell Solberg Assoc., Inc., 41 AD3d 12, 13 [1st Dept 2007]), and Burlington's failure to raise this issue with its initial disclaimer precluded it from later asserting it as a defense (see Roman Catholic Diocese of Brooklyn v National Union Fire Ins. Co. of Pittsburgh, Pa., 21 NY3d 139, 146-147 [2013]; see also Highrise Hoisting & Scaffolding, Inc. v Liberty Ins. Underwriters, Inc., 116 AD3d 647 [1st Dept 2014]). Burlington is therefore obligated to defend
Dynatec and reimburse Dynatec for its defense costs in the underlying action since the date of tender.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK