Continental Cas. Co. v KB Ins. Co., Ltd. (2023 NY Slip Op 00724)

Continental Cas. Co. v KB Ins. Co., Ltd.

2023 NY Slip Op 00724

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Index No. 652103/18 Appeal No. 17293-17294-17295 Case No. 2021-04128, 2021-04129, 2021-04130 

[*1]Continental Casualty Company, Plaintiff-Respondent,
v
KB Insurance Co., Ltd. Doing Business as Kookmin Best Insurance Company (US Branch ) Insurance Co., Ltd., Defendant-Appellant. 

Chartwell Law, New York (Linda Fridegotto of counsel), for appellant.
CNA Coverage Litigation Group, New York (David R. Shyer of counsel), for respondent.

Judgment, Supreme Court, New York County (Erika Edwards, J.), entered November 1, 2021, in favor of plaintiff in the total amount of $684,516.81, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about October 7, 2021, which to the extent appealed from as limited by the briefs, set, after an inquest, plaintiff's damages at $537,218.09 plus interest, and entered on or about October 13, 2021, which directed judgment be entered in accordance with the post-inquest order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In this action between co-primary insurers, plaintiff sought equitable contribution from defendant for its payment of their insured's costs of defense in the federal trademark actionCaptioned Abbott Laboratories v Adelphia Supply USA (No. 15-CV-5826 (ED NY) (CBA/MDG)]). Defendant fails to articulate any persuasive basis to disturb Supreme Court's damages award. In theory, defendant might have been entitled to a credit for its direct payment of defense fees to the insured, which was made as a result of the insured's federal action against defendant (Value Wholesale, Inc. v KB Ins. Co. Ltd., 2020 WL 6393016 [ED NY 2020]). However, defendant did not assert affirmative defenses or counterclaims for contribution or setoff (cf. Atlantic Mut. Ins. Co. v Greater N.Y. Mut. Ins. Co., 271 AD2d 278, 280 [1st Dept 2000]). Moreover, defendant did not submit sufficient evidence showing that plaintiff was liable for any of those fees. The record evidence did not show that defendant's payment to the insured represented fees that were incurred after the insured tendered its defense to plaintiff, which was six months after its tender to defendant (see e.g. Dynatec Contr., Inc. v Burlington Ins. Co., 184 AD3d 475, 475-476 [1st Dept 2020]; Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 94 [1st Dept 2005]). Defendant does not dispute that the fees billed by the insured's counsel during that six-month period exceeded the sum defendant paid to the insured for unpaid fees and thus, negated any possible credit. In light of the foregoing, we do not reach plaintiff's argument regarding the discount it negotiated with the insured's counsel.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023